## CROSBY *v.* THE LILLIE.[1]

### (*District Court, S. D. Alabama.* May 2, 1889.)

1. MARITIME LIENS—WAGES—DISCHARGE BY SALE OF VESSEL UNDER EXECUTION.
   A sale by the sheriff of a vessel under execution for debt against the owners does not divest paramount liens, such as the claim for wages of a seaman not guilty of laches.

2. SAME—ESTOPPEL.
   His standing by at a sheriff's sale of the vessel without giving notice of his claim does not prevent a sailor from afterwards enforcing his lien in admiralty against the vessel.

[1]Reported by Peter J. Hamilton, Esq., of the Mobile bar.

In Admiralty.    On exceptions to answer.

*W. D. McKinstry,* for libelant.

*W. E. Richardson,* for claimant.

TOULMIN, J.    The sale by the sheriff on execution for debt against the owners did not divest paramount liens, one of which was the libelant's claim for wages.    *The Gazelle,* 1 Sprague, 378; *The Powell,* 1 Woods, 99. And my opinion is that there has been no laches on the part of libelant in the delay in filing the libel, and I am inclined to the opinion that the facts alleged in the answer do not show that claimants were *bona fide* purchasers without notice.    It appears that they had constructive, if not actual, notice of the libelant's claim.    He had brought a suit, and obtained judgment on it, and had execution issued and placed in the sheriff's hands before the sale.    And the very circumstances of the derivation of their title from the owners were sufficient to put them upon inquiry. 1 Brown, Adm.    But, even if they were *bona fide* purchasers without notice, there is no rule of law which requires a seaman to assert his lien in any given time.    Yet such lien will become extinct or barred by unreasonable delay if the vessel passes into the hands of a *bona fide* purchaser without notice.    There was no unreasonable delay in asserting the claim in question.    I was at first somewhat impressed by the proposition urged by the proctor for claimants, and sustained by some citations of authority,—that the libelant stood by and saw the sale made to claimants, and did not inform them of his claim for wages.    On looking at the authorities, I find that some hold that, where the libelant is present at the negotiation of a sale, and knew it was being made, yet permitted the purchaser to buy without giving him notice there were wages due him, it would be inequitable to permit the libelant to recover.    These were private sales, and the courts, influenced by equitable considerations, say that seamen as well as others, in order to uphold a tacit lien, should not intentionally conceal it, to the prejudice of purchasers acquiring the property *bona fide,* and in ignorance of the incumbrance.    I do not consider this case, under the allegations of the answer, as like those referred to. This vessel was sold at public sale by the sheriff under executions against the owners thereof.    The claimants took the title to the vessel *cum onere,* (*Maxwell* v. *The Powell,* 1 Woods, 102;) and if there is anything due by her to libelant he is entitled to recover it in this proceeding, so far as the answer filed by the claimants shows to the contrary.    The exceptions to the answer are sustained.    See *The St. Lawrence,* 1 Black, 522; *Sheppard* v. *Taylor,* 5 Pet. 675, 676; *The Mary,* 1 Paine, 180; *The Bolivar,* Olcott, 474; 2 Pars. Mar. Law, 579.